IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY WARREN SPINNEY )<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, et al., )<br>Defendants. ) | C.A. No. 06-309 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

It is respectfully recommended that the **partial** motion to dismiss or in the alternative for summary judgment filed by Defendants [Document # 37] be granted. The Clerk of Courts should be directed to terminate all individual Defendants from this action.

Defendants have not moved to dismiss or for summary judgment on the FTCA claim regarding the negligent application of flex-cuffs. By separate Order issued this date, case management deadlines are set.

**II.     REPORT**

    **A.     Relevant Procedural History**

On December 28, 2006, Plaintiff, a federal inmate incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean"), filed this *pro se* action, raising civil rights claims pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), as well as negligence claims under the Federal Tort Claims Act. Named as Defendants are: United States of America; Warden James Sherman; Security Captain Donald Reich; Associate Warden S.L. Robare; Health Services Administrator Rodney Smith; Supervisory Physician's Assistant

1

Charles Montgomery; and Clinical Director Dennis Olson, all current or former employees of the FCI-McKean.

In his complaint, Plaintiff listed thirteen separate causes of action. However, his claims can best be summarized into the following categories. First, Plaintiff raised Eighth Amendment claims under *Bivens* alleging that Defendants were deliberately indifferent to his serious medical needs in relation to medical treatment he received a) for his plantar fasciitis condition, b) for injuries to his wrist and hand, and c) for intentionally prescribing medication to exacerbate his Hepatis C. Second, Plaintiff raised an Eighth Amendment claim alleging that Defendants used excessive force against him during a February 2005 prison security incident. Finally, Plaintiff raised a negligence claim under the FTCA claiming that the United States should be liable for failing to properly treat both of his medical conditions (the plantar fasciitis and the wrist injuries) and for failing to prevent the excessive use of force during the prison security incident. See Document # 1.

In a Report and Recommendation issued February 28, 2008, this Magistrate Judge recommended that a prior motion to dismiss or for summary judgment be:

a) denied as to Defendants' contention that Plaintiff has failed to exhaust his administrative remedies under the PLRA on his excessive force claim;

b) denied as to Defendants' argument that Plaintiff has not sufficiently alleged the personal involvement of Defendants Sherman, Robare and Reich in the medical claims;

c) granted as to the Eighth Amendment deliberate indifference claim involving the plantar fasciitis condition;

d) granted as to the Eighth Amendment deliberate indifference claim involving the wrist and hand injuries sustained during the February 2005 prison security incident;

e) granted as to the FTCA claims involving medical negligence as to both the plantar fasciitis condition and the wrist and hand injuries; and

f) granted as to the negligence claim involving the application of flex-cuffs.

Document # 32. District Judge Sean J. McLaughlin then adopted the Report and

Recommendation in full. Document # 35. Thereafter, Plaintiff filed Objections out of time [document # 36], as well as a motion for reconsideration [document # 40]. Judge McLaughlin granted the motion for reconsideration and reviewed the late-filed Objections. By Order dated April 23, 2008, Judge McLaughlin then adopted the Report and Recommendation as the opinion of the Court "with the exception of the dismissal of the negligence claim involving the application of the flex-cuffs." Document # 41.

Defendants have filed a second motion to dismiss or alternatively for summary judgment [Document # 37]. In support of the pending motion, Defendants argue: 1) that Plaintiff fails to allege any personal involvement by Defendant Robare in the excessive force claim; 2) Plaintiff's claim of excessive force does not rise to the level of a constitutional violation; and 3) that Defendants are entitled to qualified immunity on the *Bivens* claim. Importantly, Defendants have not addressed the negligence claim under the FTCA which Judge McLaughlin revived in his Order dated April 23, 3008.[1]

Despite being given the opportunity to do so, Plaintiff has not filed an Opposition Brief to the pending dispositive motion. The issues raised in the dispositive motion are ripe for disposition by this Court.

### B. Standards of Review
#### 1. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v.

---

[1] Because Defendants have not filed a dispositive motion addressing its merits, the FTCA claim will presumably go to trial. A separate Case Management Order will be issued this date.

MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, ___ U.S. ___, ___ 127 S.Ct. 2197, 2200 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to

4

plaintiff.  Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).
The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965.  Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, ___ F.3d ___, 2008 WL 305025, at *5 (3d Cir. Feb. 5, 2008).  "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 2008 WL 305025, at *6 quoting Twombly, ___ U.S. at ___, 127 S.Ct. at 1965 n.3.

### 3. Motion for summary judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is

a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J.

v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### C. *Respondeat Superior* as it relates to Defendant Robare

Defendants argue that Robare should be dismissed from this action because Plaintiff has not alleged any personal involvement by her. When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) quoting Rode, 845 F.2d at 1207). Section 1983 liability cannot be predicated solely on *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

Plaintiff identifies Defendant Robare as the Associate Warden of Operations of the FCI-McKean, but does not make any allegation regarding Robare's invovlement in his excessive

7

force claim. See Document # 1, ¶¶ 8-11. Therefore, the motion to dismiss should be granted in this regard.

### D. The *Bivens* Excessive Force Claim

Plaintiff alleges that prison officials used excessive force against him in their efforts to lockdown the institution on February 22, 2005. Plaintiff complains that Bureau of Prisons staff stormed the cafeteria and

> "ordered everyone to 'get to the floor.' Most of the team were armed with various types of riot weapons, and was fully dressed in riot gear, including body armor, shields, and their faces concealed with black masks. No inmates resisted their command, however, thorough the teams quest for intimidation, using unnecessary aggressiveness, Spinney was physically harmed, and suffered an injury, that has caused further damage to his existing condition and damage to his right hand. There was no justifiable reasons for flex cuffs to be tighten on."

Document # 1, Complaint, page 14.

The Eighth Amendment functions as the primary source of protection in cases where an inmate challenges a prison official's use of force as extreme or unjustified. Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000); see also Whitley v. Albers, 475 U.S. 312, 327 (1986).[2] Specifically, the Eighth Amendment shields inmates from the "wanton and unnecessary infliction of pain." Fuentes v. Wagoner, 206 F.3d 335, 344 (3d Cir. 2000) (citations and internal quotations omitted). However, as the United States Court of Appeals for the Third Circuit has instructed, "not every governmental action affecting the interests and well-being of a prisoner is subject to Eighth Amendment scrutiny." Id.; see also Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.") overruled on other grounds by

---

[2] Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) ("After conviction, the Eighth Amendment 'serves as the primary sources of substantive protection ... in cases ... where the deliberate use of force is challenged as excessive and unjustified. Any protection that 'substantive due process' affords convicted prisoners against excessive force is ... redundant of that provided by the Eighth Amendment.").

Graham v. Connor, 490 U.S. 386 (1989). The Eighth Amendment's proscription against "cruel and unusual" punishment does not extend to *de minimus* uses of force. Smith v. Mensinger, 293 F.3d 641, 648 (3d Cir. 2002). A particular use of force is only considered "cruel and unusual" when it is "repugnant to the conscience of mankind" and "inconsistent with contemporary standards of decency." Whitley, 475 U.S. at 327 quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976).

Prison officials are afforded a high degree of deference in the Eighth Amendment context. In reviewing excessive force claims, the court gives prison officials "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are necessary to preserve internal order and discipline and to maintain institutional security." Id. at 321-322 quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979). This deference "does not insulate from review actions taken in bad faith and for not legitimate purpose, it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice." Id.

The central inquiry, therefore, is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); see also Mensinger, 293 F.3d at 649 quoting Brooks, 204 F.3d at 106. To guide the inquiry, the Supreme Court has directed district courts to examine the following factors:

> (1) the need for the application of force;
>
> (2) the relationship between the need and the amount of force that was used;
>
> (3) the extent of the injury inflicted;
>
> (4) the extent of the threat to the safety of the staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and
>
> (5) any efforts made to temper the severity of a forceful response.

Mensinger, 293 F.3d at 649 quoting Hudson, 503 U.S. at 7.

Here, the Court must determine if a reasonable jury could conclude that prison staff used

force with the "malicious or sadistic intent to cause harm" to Plaintiff. In support of their motion for summary judgment, Defendants have provided the Declaration of Captain Reich, who was responsible for the management of the lockdown. Captain Reich explains:

> [T]he Warden of FCI McKean had received credible intelligence that inmates throughout the institution were planning various activities that presented a significant threat to the safety of staff members at FCI McKean. In order to avoid any harm to staff members and secure the prison by surprise, the Warden authorized a complete security lockdown to take effect during the 4:00 p.m. prison count on February 22, 2005. During this time, the majority of inmates were secured in their housing units. However, there remained approximately 100 or so inmates that were unsecured in the institution's cafeteria or food services section. Many of these inmates, including Plaintiff, were reporting for late-shift UNICOR work assignments and eating a meal in the cafeteria prior to work. In order to secure the entire institution, two Disturbance Control Teams entered the cafeteria, ordered all inmates to the ground, and flexed-cuffed each inmate. When all the inmates were cuffed, they were led back to their various housing units and the entire institution was then secured. The security lockdown on February 22, 2005 ran smoothly and there was no resistance from the inmates.

Document # 38- 2, Declaration of Captain Donald Reich, ¶ 2.[3]

In this case, the evidence shows that prison officials had reason to believe force was necessary to secure the institution in light of the security threat; that prison officials acted reasonably in securing almost the entire institution at the usual prisoner count without any force; that prison officials then acted to secure the relatively few remaining inmates (by surprise) who were all gathered in one area; and that the lockdown was accomplished relatively quickly and without incident. While there was some degree of force used, the evidence demonstrates that the force used was "applied in a good-faith effort to maintain or restore discipline" and was not used "maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7.

---

[3] Plaintiff has not provided evidence to the contrary and, indeed, has not filed any opposition to the pending motion for summary judgment. In the face of a supported motion for summary judgment, Plaintiff must do so in order to save his case. See Fed.R.Civ.P. 56(e) (providing that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.").

Moreover, while Plaintiff alleges that he suffered excruciating pain and an injury during the flex-cuffing incident, such an allegation of injury alone does not show that force was used maliciously or sadistically. Further, Plaintiff's own medical records belie any significant injury stemming from the incident.[4] In any event, the seriousness of an injury, while probative, is not determinative. See Rhodes v. Robinson, 612 F.2d 766, 771 (3d Cir. 1979) (the crucial inquiry is the manner of the infliction of the injury, not the injury itself.). As the Supreme Court explained in Hudson, "the extent of injury suffered by an inmate is [but] one factor that may suggest" whether the force applied was necessary or wanton and explicitly rejected a requirement that inmates show a "significant injury" to state a claim for excessive force in violation of the Eighth Amendment. 503 U.S. at 5, 7. Even if Plaintiff's wrist and finger injuries were directly attributable to the use of force in February of 2005, such an injury does not demonstrate that the force used here violates the constitutional protections of the Eighth Amendment.

Accordingly, the motion for summary judgment should be granted as to the *Bivens* claim.[5]

---

[4] On April 1, 2005, Plaintiff reported to Health Services complaining of pain in digit 3 of his right hand and of pain in his left wrist stemming from the handcuffing during the February security incident. Document # 38-1. He was diagnosed with a sprain of each, and he was instructed to use moist heat, as well as an over-the-counter pain reliever. Id. X-rays of the right hand and wrist and left wrist were taken and analyzed by civilian radiologist, Dr. Mark Welch who reported no dislocation or fracture. Id.

More than six months later, in August of 2005, Plaintiff complained of an ache in his left wrist and weakness. Plaintiff denied numbness and tingling and there was no decrease in the range of motion. Plaintiff related that he had previously had an ulnar nerve injury and had received surgery for "trigger finger release." His left wrist was noted to have +2/4 strength, palmar hypothenar atrophy, significant dorsal hand atrophy, and he was assessed with a left ulnar nerve injury. Plaintiff was given Naproxen. Id.

[5] As Plaintiff's *Bivens* claim does not survive the merits analysis, this Court need not address Defendants' alternative basis for summary judgment (i.e., qualified immunity).

11

### E. The Federal Tort Claims Act Claims

Plaintiff raises a negligence claim under the FTCA claiming that the United States should be liable for the negligence of its employees. Plaintiff claims that Security Captain Reich and his correctional officers were negligent in their application and use of "flex-cuffs" during the February 2005 security incident.

Generally, under the principle of sovereign immunity, the United States cannot be sued for damages unless it consents to being sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). The terms of the government's consent define the court's jurisdiction over the case.[6] Lehman v. Nakshian, 453 U.S. 156, 160 (1981). The Federal Tort Claims Act grants jurisdiction to the federal courts to hear suits against the United States Government for torts committed by its employees while in the scope of their employment. See 28 U.S.C. § 2675(a). The FTCA sets forth the government's consent to be sued for the negligent conduct of its employees "in the same manner and to the same extent as a private individual under like circumstances." Howell v. United States, 932 F.2d 915, 917 (11th Cir.1991) (citations omitted).

All actions brought pursuant to the FTCA must be brought against the United States of America and not in the name of the allegedly negligent agency, entity or employee. 28 U.S.C. §§ 2671-2680; 28 U.S.C. § 1346(b). The only proper party in an FTCA action is the United States of America itself.

Therefore, the Clerk of Courts should be directed to terminate all the individually named Defendants from this action.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the **partial** motion to dismiss or in the alternative for summary judgment filed by Defendants [Document # 37] be

---

[6] The consent contained in the FTCA is limited and Congress has expressly provided for exceptions to the FTCA's waiver of sovereign immunity. 28 U.S.C. § 2680(a)-(n); United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984).

granted. The Clerk of Courts should be directed to terminate all individual named Defendants from this action.

Defendants have not moved to dismiss or for summary judgment on the FTCA claim regarding the negligent application of flex-cuffs. By separate Order issued this date, case management deadlines are set.

In accordance with the Magistrates Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. No extensions of time will be granted. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: November 21, 2008